IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY AND GUARANTY INSURANCE COMPANY, | No C 06-4945 VRW |
| Plaintiff, | ORDER |
| v | |
| RCMC, INC, et al, | |
| Defendant. | |

Plaintiff Fidelity and Guaranty Insurance Company (Fidelity) requested the court's assistance in resolving a discovery dispute detailed in a letter dated March 7, 2007. Therein, Fidelity sought leave of court pursuant to FRCP 30(d)(2) to depose individual defendant Peter Richardson (Richardson) for two to three days, each day lasting seven hours. Richardson is the president of company defendant RCMC, Inc, the person within RCMC, Inc who was Fidelity's principal contact concerning the payment and performance of bond claims and the person who approved payments made by Fidelity on those claims. Richardson's deposition is

currently scheduled for March 29, 2007. The fact discovery deadline in this action is March 30, 2007.

Pursuant to this court's order, defendants responded by letter on March 20, 2007. Doc ##133, 134. Counsel for Richardson confirms that Richardson's deposition is scheduled for March 29, 2007. Doc #133 at 4. Counsel also reports that Richardson will be produced the following day, March 30, 2007, as RCMC's "person most knowledgeable." Id. Accordingly, Fidelity will have two days in which to depose Richardson as Fidelity requests.

The court does not find it necessary to require a third day of deposition at this point for the following reasons: Fidelity specifically requested "two or possibly three days," implying that two days would be sufficient. The purported need for Fidelity's request was Richardson's "extensive personal knowledge," which will be satisfied via a PMK deposition. The discovery cutoff of March 30, 2007 along with the twelve depositions scheduled from March 13, 2007 to March 30, 2007, Doc #133 at 2, leave no time for a third day of deposition. Finally, counsel for Richardson reports that Richardson has experienced recent health problems, including a recent surgery, making a third day of deposition potentially burdensome. Of course, nothing in this order prevents the parties from exceeding seven hours of deposition on March 29 and March 30 if the extra time is mutually agreeable and sought in good faith.

\\

\\

\\

**2**

Finally, defendants' response letters suggest that this action should be stayed pending the outcome of the state actions. Doc #133 at 3-4; Doc #134 at 1. If defendants seek a stay, such request must be made by properly noticed motion, which must include time for Fidelity to respond.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge